G. W. SALMANS, for appellant.

A. B. DENNIS, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

MORTGAGES, § 270*—*when declaration in assumpsit for wrongful release of mortgage states a cause of action.* Declaration in *assumpsit* against two defendants to recover a sum claimed to be due to plaintiff by reason of the wrongful release of a mortgage, alleging that plaintiff was a grantee of mortgagor and was compelled to pay the mortgage by reason of a clause in his deed assuming the mortgage, that one of the defendants, a subsequent grantee, who also assumed the mortgage wrongfully procured the other defendant, the mortgagee, to execute a release thereof, thereby depriving the plaintiff of the right to pursue the property and foreclose the mortgage, *held* to state a cause of action, and that the action of the court in sustaining a demurrer to the declaration was error.

---

## Otto Hermanson, Plaintiff in Error, v. Louis Shaffer, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Otto Hermanson against Louis Shaffer, chief of police of the city of Danville, to recover damages for false imprisonment, it being alleged that defendant imprisoned and detained plaintiff in prison without reasonable or probable cause. From a judg-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ment in favor of defendant on a directed verdict, plaintiff brings error.

F. L. Draper, for plaintiff in error.

J. B. Mann, for defendant in error.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

## Abstract of the Decision.

1. Arrest, § 25*—*necessity of warrant.* Ample authority is vested in the police of a city to arrest a person in the act of violating an ordinance without a warrant having been issued therefor.

2. Arrest, § 25*—*when police officer may arrest without a warrant being issued.* A patrolman finding a person in a city traveling from house to house with his satchel containing boxes and bottles therein, apparently in the act of peddling, in violation of an ordinance, may arrest him without a warrant being issued therefor.

3. False imprisonment, § 26*—*burden of proof.* In an action for false imprisonment it is incumbent upon the plaintiff to show that there was no reasonable ground or cause to believe the plaintiff guilty of the charge for which he was arrested and imprisoned.

4. False imprisonment, § 30*—*when direction of verdict for defendant proper.* In an action for false imprisonment, a directed verdict to find for defendant *held* not error, where from the evidence the only conclusion that can be arrived at is that there was reasonable cause to believe that plaintiff was guilty of the charge for which he was arrested.

5. False imprisonment, § 28*—*proof sufficient to bar recovery.* In an action for false imprisonment, the record of the judgment of the police magistrate showing that plaintiff pleaded guilty to the charge for which he was arrested, and testimony of the police magistrate to the same effect, *held* to be sufficient proof alone to bar a recovery.

6. Arrest, § 22*—*power of city to detain person arrested in custody over night.* A person arrested and taken to a city prison at a late hour is not entitled to an immediate trial; the city has a right to hold him in custody until the city is able to secure witnesses and prepare for trial, and under R. S. c. 24, art. VI, § 12, J. & A. ¶ 1355, it is not unlawful to confine him in the city prison until the following morning to await his trial.